UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MICHAEL J. OLIVER,                                    Case No. 3:12-cv-00135-AC

                          Plaintiff,

            v.                                         FINDINGS AND
                                                       RECOMMENDATION

MICHAEL J. ASTRUE, Commissioner of the
Social Security Administration,

                          Defendant.
_____

Lisa R. Porter
KP LAW LLC
16200 S.W. Pacific Hwy, Suite H-280
Portland, OR 97224

        Attorney for Plaintiff

Scott T. Morris
SOCIAL SECURITY ADMINISTRATION
Office of the General Counsel
1301 Young Street, Suite A702
Dallas, TX 75202

Adrian L. Brown
U.S. ATTORNEY'S OFFICE
District of Oregon

Page 1 - FINDINGS  AND RECOMMENDATION

1000 S.W. Third Avenue, Suite 600
Portland, OR 97204

     Attorneys for Defendant

ACOSTA, Magistrate Judge:

     Plaintiff Michael Oliver ("Oliver") seeks review of the Social Security Commissioner's unfavorable decision, which denied Oliver's application for Social Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). This Court has jurisdiction under 42 U.S.C. § 405(g). For the following reasons, the Commissioner's decision should be affirmed.

## Background

     Oliver was born in 1964 and has a GED. (Tr. 52.) He has past relevant work as a cashier (Dictionary of Occupational Titles ("DOT") 211.462-010), a telemarketer or telephone solicitor (DOT 299.357-041), a delivery driver (DOT 292.353-010), and a stock clerk (DOT 299.367-014). (Tr. 75.) Oliver alleges disability as of July 1, 2005, due to a back injury from an incident on a boat ramp in 2005. (Tr. 51, 164.) Oliver also sustained a work-related injury to his right foot in 1999 which continues to cause him pain and affects his ability to ambulate. (Tr. 446.) Oliver was diagnosed with bi-polar disorder and was hospitalized twice in 1999. (Tr. 447.)

     Oliver protectively filed an application for SSI on March 26, 2007, and again on November 8, 2007. (Tr. 164-166, 167-169.) The claim was denied initially on June 18, 2008, and upon reconsideration on November 6, 2008. (Tr. 95-98, 100-102.) On January 22, 2009, Oliver filed a request for a hearing before an Administrative Law Judge ("ALJ"). (Tr. 103-104.) The hearing was held on June 3, 2010, before ALJ Dan R. Hyatt, at which Oliver appeared, with counsel, and testified. (Tr. 47-82.) A vocational expert ("VE") was also present and testified at the hearing. *Id.*

On June 23, 2010, the ALJ issued an unfavorable decision, finding Oliver not disabled within the meaning of the Social Security Act. (Tr. 24-35.)

Oliver filed a request for review of the ALJ's decision with the Appeals Council on July 8, 2010. (Tr. 18-19.) On November 30, 2011, the Appeals Council denied Oliver's request for review, leaving the ALJ's decision to stand as the Commissioner's final decision. (Tr. 1-7.)

## **Disability Analysis**

The Commissioner engages in a sequential process ranging between one and five steps in determining whether an individual is disabled under the Act. *Bowen v. Yukert*, 482 U.S. 137, 140 (1987); *see* 20 C.F.R. § 416.920(a)-(f) (describing the five-step sequence).

Step one requires the ALJ to determine if the claimant is performing substantial gainful activity ("SGA"). 20 C.F.R. § 416.920(b). To constitute SGA, the work must be both substantial, which involves significant physical or mental activities, and gainful, which is work done for pay or for profit. 20 C.F.R. § 404.1572. If the claimant is or has been engaged in SGA, the claimant is not disabled. 20 C.F.R. § 416.920(b).

At step two, the ALJ must determine if the claimant has a "severe medically determinable physical and mental impairment" that meets the twelve-month duration requirement. 20 C.F.R. § 416.920(c). If the claimant does not have such an impairment, he is not disabled. At step three, the ALJ must determine whether the severe impairment (or a combination of impairments) meets or equals a "listed" impairment in the regulations. 20 C.F.R. § 416.920(d). If the ALJ determines the impairment, or combination of impairments, equals a listed impairment, then the claimant is disabled.

If the adjudication proceeds beyond step three, the ALJ must first evaluate medical and other

relevant evidence in assessing the claimant's residual functional capacity ("RFC"). The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular basis, despite the limitations imposed by his impairments. 20 C.F.R. § 416.945(a)(1). The ALJ uses this information to determine if the claimant can perform past relevant work at step four. 20 C.F.R. § 416.920(e). If the claimant cannot perform his past relevant work, the ALJ must determine if the claimant can perform other work in the national economy at step five. 20 C.F.R. § 416.920(e); *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).

The claimant bears the initial burden of establishing disability. *Tackett*, 180 F.3d at 1098. If the analysis reaches the fifth step, the burden shifts to the Commissioner to show that jobs within the claimant's RFC exist in the national economy. *Id.* If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 416.920(h).

### The ALJ's Findings

At the first step of the five-step sequential evaluation process outlined above, the ALJ found that Oliver has not engaged in SGA since his SSI application date. (Tr. 26.) At step two, the ALJ found that Oliver has the following severe impairments: "degenerative disc disease in the lumbar spine, status post fracture to the right foot, bipolar disorder, and substance abuse disorder." (*Id.*) The ALJ also found that Oliver has the medically determinable impairment of inguinal hernia with irreducibility. (*Id.*)

At the third step, the ALJ found that Oliver's impairment, or combination of impairments, did not meet or equal the requirements of a listed impairment in 20 C.F.R. Part 404, subpart P, app. 1. (Tr. 26-27.)

Because Oliver did not establish disability at step three, the ALJ assessed Oliver's RFC. (Tr.

Page 4 - FINDINGS AND RECOMMENDATION

27-33.)  The ALJ found that Oliver had the RFC to perform light work as defined in 20 C.F.R. §

416.967(b) except Oliver is capable of performing simple, repetitive tasks and occasional complex

tasks.  (*Id.* at 27.)  The ALJ further explained that Oliver "can have occasional face-to-face contact

with the general public and occasional interaction with co-workers.  [Oliver] can each sit, stand, and

walk for one hour at a time, and he needs to change position hourly."  (*Id.*)  The ALJ stated that

Oliver is capable of lifting 30 pounds occasionally and 20 pounds frequently.  (*Id.*)

At the fourth step, the ALJ found that Oliver was capable of performing past relevant work

as a telemarketer, stating that this work "does not require the performance of work-related activities

precluded by the claimant's [RFC]."  (Tr. 33.)  Based on the ALJ's conclusion at step four, the ALJ

found that Oliver was not disabled.  However, the ALJ also considered the alternative, stating that

even if the analysis continued to step five, "there are other jobs existing in the national economy that

he is able to perform," thereby again finding Oliver not disabled.  (Tr. 34.)

## Standard of Review

The Court's review is limited to whether the Commissioner's decision was based on proper

legal standards under 42 U.S.C. § 405(g) and supported by substantial evidence in the record as a

whole.  *Copeland v. Bowen*, 861 F.2d 536, 538 (9th Cir. 1988) (citing *Desrosiers v. Sec'y of Health*

*& Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988)).  Substantial evidence means more than a

mere scintilla of evidence, but less than a preponderance.  *Saelee v. Chater*, 94 F.3d 520, 521 (9th

Cir. 1996) (citing *Sorensen v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means

such evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson*

*v. Perales*, 402 U.S. 389, 402 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229

(1938)).  The court must consider both evidence that supports and evidence that detracts from the

Commissioner's decision, but the decision shall not be overturned even if there is enough evidence in the record to support a contrary decision. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the ALJ's decision is conclusive, *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. *Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988).

## Discussion

Oliver makes five arguments, asserting that the ALJ: (1) erred in finding Oliver's hernia to be a non-severe impairment; (2) failed to develop the record; (3) failed to properly analyze Oliver's severe physical and mental limitations by improperly rejecting the treating physician's opinion; (4) failed to comply with the mandatory requirements of SSR 96-8p when determining the RFC; and (5) made step four findings that are unsupported by the evidence because the hypothetical fact scenario presented to the VE contained defective RFC findings. (Pl.'s Opening Br. 18-28.) These five arguments will be discussed in the order by which they are listed above.

I.    Step-two determination of non-severe impairment

Oliver asserts that the ALJ erred by determining that the hernia was a non-severe impairment at step two. (Pl's Opening Br. 20; Tr. 26.) Step two is a screening inquiry intended to identify claimants whose medical impairments are so slight that it is unlikely they would be found disabled. *Bowen*, 482 U.S. at 153-54. At this step, the ALJ must consider the combined effect of all the claimant's impairments on his or her ability to function, regardless of whether each alone is sufficiently severe. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003); *Smolen*

*v. Chater*, 80 F.3d 1273, 1290; *see also* 42 U.S.C. § 423(d)(2)(B), 20 C.F.R. §§ 404.1523, 416.923. The Social Security Regulations define a non-severe impairment, stating that "an impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.921(a).

In this case, the ALJ found that Oliver had several severe impairments, listing "degenerative disc disease in the lumbar spine, status post fracture to the right foot, bipolar disorder, and substance abuse disorder." (Tr. 26.) If the ALJ erred in failing to include the hernia as a severe impairment at step two, such an error is harmless. The ALJ's finding that Oliver suffered from other severe impairments resolves step two in Oliver's favor, and renders inconsequential the ALJ's findings specific to Oliver's hernia. *See, e.g., Hickman v. Comm'r Soc. Sec. Admin.*, 399 F. App'x 300, 302 (9th Cir. 2010) (citing *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005) (finding that the ALJ's failure to include an impairment as severe, when the ALJ found other severe impairments, was harmless error).

II.    Failure to develop the record

Oliver argues that the ALJ failed to develop the record as required by 42 U.S.C. § 423(d)(5)(B). (Pl.'s Opening Br. 22.) Specifically, Oliver asserts that the ALJ should have developed the record to determine whether Oliver's foot injury was ameliorated through physical therapy as prescribed by Dr. Chiotti in February 2010. (*Id.*) The ALJ has a duty to fully and fairly develop the record and to assure that claimant's interests are considered. *Higbee v. Sullivan*, 975 F.2d 558, 561 (9th Cir. 1992); *Celaya v. Halter*, 332 F.3d 1177, 183 (9th Cir. 2003). This duty is especially important where claimant is not represented by counsel, although the duty also exists in cases where claimant is represented. *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983). The

ALJ's duty to develop the record is triggered only when there is ambiguous evidence or when the record is insufficient for proper evaluation of the evidence. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

Dr. Chiotti excused Oliver from work for four weeks, and said he would determine his return to work status "pending how he progresses with physical therapy." (Tr. 566.) Oliver argues there is no evidence in the record about the result of his physical therapy, and therefore the ALJ should have developed the record in order to resolve this ambiguity. (Pl.'s Opening Br. 22.) This assertion, however, is incorrect. The record contains three reports by Dr. Robert Brown, dated March and April of 2011, containing updates on Oliver's foot pain. (Tr. 827-830.) Dr. Brown noted that Oliver's foot pain was better with physical therapy, sitting, and exercise. (Tr. 829.) In April 2011, Dr. Brown stated that Oliver's "pain is about 20 to 30 percent better after taking [the] starting dose of Neurontin." (Tr. 827.) The record contains sufficient evidence for the ALJ to make a proper determination of the status of Oliver's foot injury.

The record before the ALJ was neither ambiguous nor inadequate and allowed for a complete and proper evaluation of Oliver's ability to work. Substantial evidence in the record supported the ALJ's decision that Oliver was not disabled, and the ALJ was therefore under no obligation to develop the administrative record further. *See Mayes v. Massanari*, 276 F.3d 453, 459-460 (9th Cir. 2001) (finding that an ALJ's duty to develop the record is triggered only when there is ambiguous evidence or an inadequate record).

III.    Treating Physician's Opinion

Oliver argues that the ALJ improperly rejected the opinion of treating physician Dr. Deane De Fontes. (Pl.'s Opening Br. 18-20.) In disability benefits cases, there are three sources of medical

opinions: those from treating physicians, examining physicians, and non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Generally, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion carries more weight than a non-examining physician's opinion. *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001) (citing *Lester*, 81 F.3d at 830). When a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. *Lester*, 81 F.3d at 830 (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1987)). If the treating doctor's opinion is contradicted by another doctor, the ALJ must provide "specific and legitimate reasons" supported by substantial evidence in the record to reject the opinion. *Id.* (citing *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

An ALJ is not required to accept the opinion of a doctor that is not supported by clinical findings, or is brief or conclusory. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (citing *Tonapetyan*, 242 F.3d at 1149). An ALJ may disregard the opinion of a treating physician if that opinion is in the form of a check-list without substantive medical findings to support the conclusion. *Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, at 1195 (9th Cir. 2004). In addition, an ALJ may reject a treating physician's opinion if the opinion is premised on the claimant's subjective complaints and the ALJ has already validly discounted the claimant's complaints. *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989); *see also Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005) (finding that an ALJ's credibility determinations do bear on evaluations of medical evidence).

In this case, Dr. De Fontes's opinion is contradicted by the opinions of examining and consulting doctors. Dr. De Fontes opined that Oliver would be unable to work full-time at the light

or sedentary levels of exertion without substantial pain, fatigue, and difficulty with stamina. (Tr. 560, 619). She found that Oliver would be unable to work at a normal pace and that his health problems would likely worsen if he were to work at light or sedentary levels. (*Id.*) However, examining physician Dr. Donald D. Ramsthel stated that Oliver could "be standing and walking for up to one hour at a time, translating into four hours in an eight-hour day," and that Oliver could lift 30 pounds infrequently and 20 pounds frequently. (Tr. 458.) Non-examining physician Dr. Neal E. Berner also opined that Oliver is capable of medium work, finding that he is able to frequently lift 25 pounds, occasionally lift 50 pounds, stand and walk for about six hours in an eight-hour workday, and sit for about six hours in an eight-hour workday. (Tr. 466-87.) Thus, because it is a contradicted opinion, the ALJ may discount Dr. De Fontes's opinion by providing specific and legitimate reasons supported by substantial evidence in the record. *Lester*, 81 F.3d at 830.

Here, the ALJ complied with this requirement. The ALJ afforded limited weight to Dr. De Fontes's opinion because the ALJ determined that the doctor's statements contained inconsistencies. (Tr. 33.) Additionally, the ALJ asserted that portions of Dr. De Fontes's opinion were not adequately supported by objective medical evidence. (*Id.*) These reasons provided by the ALJ are supported by substantial evidence in the record. Dr. De Fontes's opinions dated August 17, 2009, and March 23, 2010, were both in the form of a check-list provided to Dr. De Fontes's by Oliver. (Tr. 557-564, 616-623.) As noted by the ALJ, Dr. De Fontes assigned Oliver a Global Assessment of Functioning ("GAF") score of 64, with a range between 55 and 70, in August 2009. (Tr. 557-564.) Seven months later, in March 2010, she states Oliver's GAF score was 51, with a range between 40 and 55. (Tr. 616-623.) The ALJ notes that the drastic decline in GAF score over a short period of time is not supported by the objective record. (Tr. 33.)

Page 10 - FINDINGS AND RECOMMENDATION

The ALJ properly listed specific and legitimate reasons for disregarding Dr. De Fontes's opinion, and those reasons were supported by substantial evidence in the record. Therefore, the ALJ made no error with regard to the weight given to Dr. De Fontes's opinion.

IV.    Improper RFC Assessment

Next, Oliver challenges the ALJ's RFC determination, arguing that it is not supported by substantial evidence and does not contain a discussion of Oliver's abilities to work on a regular and continuing basis, as required by SSR 96-8p. Residual functional capacity is defined under the Social Security Regulations as "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of the jobs." 20 C.F.R. 404, Subpt. P, App. 2 § 404.1512(a). Pursuant to SSR 96-8p, the ALJ's RFC assessment must include a discussion of the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis. SSR 96-8p further states that, "a 'regular and continuing basis' means [eight] hours a day, for [five] days a week, or an equivalent work schedule."

In this case, the ALJ found that Oliver has the RFC "to perform light work" except the claimant is capable of performing simple, repetitive tasks and occasional complex tasks. (Tr. 27.) Light work involves lifting no more than 20 pounds infrequently, or 10 pounds frequently, and includes jobs that require a good deal of walking or standing and those that involve sitting most of the time with some pushing and pulling of arm or leg controls. 20 C.F.R. §416.967(b). The ALJ also found that Oliver can have occasional interaction with co-workers and members of the public. (Tr. 27.) The ALJ concluded that Oliver can "sit, stand, and walk for one hour at a time, and he needs to change position hourly." (*Id.*) Also, the ALJ determined that Oliver is capable of lifting 30 pounds occasionally and 20 pounds infrequently. (*Id.*)

Page 11 - FINDINGS AND RECOMMENDATION

Substantial evidence supports the ALJ's determination that Oliver had the RFC to perform light work on a "regular and continuous basis" as required by SSR 96-8p. While the ALJ did not specifically discuss Oliver working eight hours a day, for five days a week, such a work schedule can be surmised by the ALJ's lengthy and comprehensive RFC discussion. *See, e.g.*, *Perez v. Barnhart*, 415 F.3d 457, 465-66 (5th Cir. 2005) (an ALJ is not required to make a specific finding regarding the claimant's ability to maintain employment in every case; "the claimant's ability to maintain employment is subsumed in the RFC determination."). Therefore, the ALJ's RFC assessment is sufficient and supported by substantial evidence in the record.

V.    Step-Four Error

Oliver's fifth argument challenges the ALJ's step-four finding, asserting that the ALJ's findings were based on the VE's testimony pursuant to an erroneous RFC determination. (Pl.'s Opening Br. 28.) However, as discussed above, the ALJ's RFC determination is supported by substantial evidence in the record, and therefore, his step-four findings are proper.

Oliver also argues that the ALJ improperly excluded the limitations that Oliver's counsel added to the hypothetical presented to the VE at the administrative hearing on June 2, 2010. (Pl.'s Opening Br. 28; Tr. 77-81.) Oliver's argument fails because the ALJ is not required to accept a VE's testimony based upon a hypothetical that the ALJ ultimately rejects: "The ALJ is not bound to accept as true the restrictions presented in a hypothetical question propounded by a claimant's counsel." *Magallanes v. Bowen*, 881 F.2d 747, 756-757 (9th Cir. 1989) (citing *Martinez v. Heckler*, 807 F.2d 771, 773 (9th Cir. 1986)). The ALJ is free to accept or reject the restrictions presented to the VE as long as the ALJ's decision is supported by substantial evidence. *Id.* As discussed above, the ALJ's findings at step-four are supported by substantial evidence in the record.

Page 12 - FINDINGS AND RECOMMENDATION

## Recommendation

For the forgoing reasons, the Court should AFFIRM the Commissioner's final decision finding that Oliver is not disabled as defined by the Act.

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than fourteen days after the date this order is filed. The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this ____ day of March, 2013.

JOHN V. ACOSTA
United States Magistrate Judge